DREW, Justice.
This is an appeal from a final decree awarding the appellee husband a divorce and the custody of the minor child of the parties.
After the Special Master filed his report in which he recommended that the husband be granted a .divorce on the grounds of extreme cruelty, habitual indulgence in a violent and ungovernable temper and adultery on the part of the wife and that the custody of the two year old child be awarded to the husband, the lower Court re-referred the cause to the Special Master “for the purpose of making a finding as to fitness or unfitness of either of the parties to have the custody of the minor child.” Thereafter the Special Master filed an amended report in which he found “from the evidence that the plaintiff, Frances Nealey Williams, is an unfit person to have the custody of the minor child of the parties.” He further found “from the evidence that the defendant James S. Williams, is a fit and proper person to have the custody of their minor child.”
In the final decree the lower court confirmed the findings of the Special Master with the statement “there is ample evidence in the record to sustain the findings of the Master” and entered the decree brought here for review.
Appellant seeks a reversal of the decree on the ground that guilt of adultery by the mother of the child is insufficient in itself to warrant awarding the custody of the child to the father. This contention necessarily must fail because there is no factual basis in the record for the contention. The record establishes that not only, was the mother guilty of adultery but also, that her conduct was such that both the Master and the Chancellor found her guilty of possessing and exhibiting toward her husband violent and ungovernable temper and being guilty of extreme cruelty toward her husband. Nowhere in the record do we find any basis for the assertion that the sole basis for awarding the custody of the child to the father was the mother’s adultery. On the contrary, after the re-reference, the Master found and the Court in its decree held that the mother was an unfit person to have such custody. We must assume, in the absence of a statement to the contrary, that in making such finding the Master *730 and the Court below considered not only the evidence of adultery hut the many other facts relating to the misconduct of the wife appearing in the record.
We hold that the evidence fully warranted the entry of the decree appealed from.
Affirmed.
HOBSON, C. J., and TERRELL, THOMAS, SEBRING and MATHEWS, JJ., concur.
ROBERTS, J., dissents.